JAIRUS HOWLAND *vs.* CONTINENTAL LIFE INSURANCE COMPANY.

Suffolk.   Nov. 14, 1876. — Jan. 15, 1877.   AMES & LORD, JJ., absent.

In an action to recover back premiums on a policy of life insurance containing a clause that the policy should be void, if the annual premium was not duly paid, it appeared that an annual premium was due and payable by the plaintiff on Sunday, and that on the Monday following he tendered payment of the same to the defendant's agent, who refused to receive it, on the ground that it was too late and that the policy was forfeited. The plaintiff went away, and gave no notice to the defendant, until eleven months afterwards, that he should treat the policy as ended. *Held*, that, whether the tender was or was not in season, the action could not be maintained.

CONTRACT to recover back premiums paid to the defendant on a policy of life insurance dated December 26, 1867. Writ dated December 21, 1874. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the consideration of this court, in substance as follows :

By the terms of the policy, the plaintiff was to pay an annual premium of $119.14, on or before December 26, in each year, or within thirty days after each payment should become due and payable, and, if not so paid, the policy was to be void. The plaintiff had duly paid all the premiums stipulated for in the policy, up to the December payment of 1873. On Monday, January 26, 1874, he went to the office of Barnard Brothers, in Boston, (who were insurance agents, acting as such for the defendant, and who delivered this policy to the plaintiff, counter signed the same and received all the premiums thereon,) and offered and duly tendered the premium then due, or which by the terms of the policy was payable in thirty days from December 26, 1873. Barnard Brothers declined and refused to receive it, saying that the time for payment was passed, and that the policy was void and of no effect on that account, and was forfeited, and that the plaintiff was not then insured under it. The plaintiff went away, after Barnard Brothers refused to receive the money, took no further action, did not say, or notify the defendant, that he should treat the insurance as at an end, or demand back the money paid before.

The plaintiff contended that bringing this action was a sufficient election and demand. if any was necessary. The defend-

ant contended that, conceding that the money was reasonably tendered for the premium then due, and that the defendant's agents refused to receive it, the action would not lie under such a state of facts and circumstances, the policy remaining good against the defendant. The judge ruled that the plaintiff could not recover, and directed a verdict for the defendant, which was rendered. If the ruling of the judge was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and the case to stand for trial.

*J. W. Hubbard*, for the plaintiff.

*A. A. Ranney*, for the defendant.

MORTON, J. The plaintiff can recover only upon the ground that the defendant has rescinded its contract with him. It appeared at the trial that an annual premium was due and payable by the plaintiff on January 25, 1874, which was Sunday; that on the Monday following he tendered payment of the same to the defendant's agent, who refused to receive it, " saying that the time for payment was passed, that the policy was void and of no effect on that account, and was forfeited, and that the plaintiff was not then insured under the same." The plaintiff thereupon went away, and gave no notice to the defendant that he should treat the policy as at an end, and took no action until he brought this suit, eleven months after.

If the tender on Monday was not in season, then it is clear that the action cannot be maintained. If the tender on Monday was in season, as contended by the counsel for both parties at the argument, then the defendant had no right or power to rescind the policy, and it remained a continuing contract upon which the defendant was liable.* And if it be assumed that the plaintiff had the right, at his election, to treat the act of the defendant's agent as a rescission of the contract, justice requires that he should give notice of this election within a reasonable time. An election made eleven months after, during which time the liability of the defendant had continued, was not within a reasonable time. The ruling of the Superior Court, that the plaintiff could not recover, was correct.

*Judgment on the verdict.*

---

* See *Hammond* v. *American Ins. Co.* 10 Gray, 306; Gen. Sts. c. 53, § 7.